```
       ✓ FILED      ___ LODGED
       ___ RECEIVED ___ COPY

            SEP 2 6 2018

       CLERK U S DISTRICT COURT
         DISTRICT OF ARIZONA
       BY_____ DEPUTY
```

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>vs.<br><br>Thomas William Hancock,<br><br>Defendant. | No. CR-18-1305-PHX-GMS (JZB)<br><br>**INDICTMENT**<br><br>VIO: 18 U.S.C. § 1343<br>(Wire Fraud)<br>Counts 1-19<br><br>18 U.S.C. § 1957(a)<br>(Transactional Money Laundering)<br>Counts 20-36<br><br>18 U.S.C. §§ 981(a)(1)(A), (C) and<br>28 U.S.C. § 2461(c)<br>(Forfeiture Allegations) |

THE GRAND JURY CHARGES:

At all times material to this indictment:

### INTRODUCTION

1. Thomas William Hancock ("HANCOCK"), age 27, is a resident of Scottsdale, Arizona. London Trust Media, Inc. is an internet privacy and security company located in Denver, Colorado. In November 2017, LTM hired HANCOCK as Chief Technology Officer. In December 2017, HANCOCK was promoted to Executive Chairman. His employment was terminated in March 2018.

### RELEVANT ENTITIES

2. London Trust Media, Inc. "LTM" is an internet privacy and security company located in Denver, Colorado founded by A.L. LTM began a sponsorship agreement with Digital Chaos ("DC"), a company hosting online sports gaming, for the purpose of advertising on

1 DC online gaming sites. The monthly sponsorship agreement was for $15,000 per month
2 for the period of August 2016 – August 2017. HANCOCK was an employee of DC during
3 the sponsorship.
4 3. DC was originally a subsidiary of UK2 Group and in May 2017, UK2 Group was sold
5 to an online retailer, The Hut Group. DC became a separate entity. HANCOCK registered
6 the separate entity of DC as an LLC in Utah and listed himself, S.A., and G.C. as corporate
7 officers.
8 4. Hosting Services ("HS") is an internet company that provides Web hosting services to
9 individuals and small businesses. HS provides data center options in various locations
10 across the United Kingdom and the United States. The company was founded in 2003 and
11 is based in Providence, Utah.
12 5. Freshbooks is an online accounting and invoicing company headquarted in Canada that
13 provides small business owners with the ability to quickly create and send invoices as well
14 as receive notifications when invoices are paid.

## SCHEME TO DEFRAUD

16 6. In November 2017, LTM hired HANCOCK as Chief Technology Officer. In December
17 2017, HANCOCK was promoted to Executive Chairman. HANCOCK, could work from
18 home and spent a considerable amount of time in Scottsdale, Arizona as UK2 Group had a
19 large server "farm" located in Arizona and LTM continued to have a business relationship
20 with UK2 Group.
21 7. While at LTM, HANCOCK prepared fraudulent invoices in Freshbooks software for the
22 vendors DC and HS. HANCOCK created an account with Freshbooks under the email
23 address Tomhancock@gmail.com.
24 8. HANCOCK logged into his online account at the Canadian based freshbooks.com and
25 created fraudulent invoices for vendors DC and HS. HANCOCK created and sent the
26 fraudulent invoices from various locations within the United States, including Scottsdale,
27 AZ and Las Vegas, NV. Freshbooks' servers are located in Illinois, Virginia and Toronto,
28

Canada.

9. The information regarding the fraudulent invoices was emailed from Freshbooks to Las Vegas, NV-based LTM. The accounts payable department of LTM, located in Denver, CO, would access the invoices created by HANCOCK by clicking the Freshbooks link, located within the body of the email. Once the invoice was received, LTM paid the invoices via online access with the LTM company credit card issued by Compass Bank. The fraudulent invoices for DC and HS that were submitted to LTM for processing are detailed in Counts 1-19 below.

### COUNTS 1-19
### Wire Fraud
### (Violation of 18 U.S.C. § 1343)

10. Paragraphs 1-9 of this Indictment are re-alleged and incorporated by reference as though fully set forth herein.

11. From on or about November 1, 2017, the exact date being unknown to the Grand Jury, through on or about May 30, 2018, in the District of Arizona and elsewhere, defendant HANCOCK devised and intended to devise a scheme and artifice to defraud, and to obtain money and property belonging to LTM by means of materially false and fraudulent pretenses, representations, promises, and material omissions, knowing that the pretenses, representations, promises and material omissions were false and fraudulent when made.

### **PURPOSE OF THE SCHEME AND ARTIFICE**

12. It was the purpose of the scheme and artifice that HANCOCK would divert monies belonging to LTM through false pretenses, representations, promises, and material omissions, all in order to obtain substantial economic benefits for himself through the unauthorized diversion, misuse, and misappropriation of LTM's funds.

### **USE OF WIRES**

13. On or about the dates specified as to each count below, defendant HANCOCK, for the purpose of executing the aforesaid scheme and artifice, did knowingly transmit and cause to be transmitted, by means of wire communications in interstate and foreign commerce,

- 3 -

certain writings, signs, signals, pictures and sounds, as more particularly described below.

| Counts | Date Sent by Wire | Invoice Number | Payee | Amount |
|---|---|---|---|---|
| 1 | 02/01/2018 | 29 | HS | $54,923.54 |
| 2 | 02/01/2018 | 29 | DC | $15,000.00 |
| 3 | 03/01/2018 | 48 | DC | $48,000.00 |
| 4 | 04/01/2018 | 47 | HS | $63,000.00 |
| 5 | 04/01/2018 | 47 | DC | $15,000.00 |
| 6 | 04/13/2018 | 52 | HS | $85,500.00 |
| 7 | 04/17/2018 | 53 | HS | $53,458.00 |
| 8 | 04/18/2018 | 54 | HS | $24,850.00 |
| 9 | 04/23/2018 | 59 | HS | $17,320.22 |
| 10 | 04/24/2018 | 60 | HS | $69,122.00 |
| 11 | 04/24/2018 | 61 | HS | $30,541.50 |
| 12 | 04/30/2018 | 62 | HS | $7,832.11 |
| 13 | 05/01/2018 | 64 | HS | $199,195.00 |
| 14 | 05/01/2018 | 61 | HS | $52,000.00 |
| 15 | 05/01/2018 | 61 | DC | $30,000.00 |
| 16 | 05/09/2018 | 67 | HS | $63,200.00 |
| 17 | 05/16/2018 | 69 | HS | $52,100.00 |
| 18 | 05/22/2018 | 70 | HS | $28,200.00 |
| 19 | 05/30/2018 | 72 | HS | $8,520.25 |

In violation of 18 U.S.C. § 1343.

# COUNTS 20-36
## Transactional Money Laundering
### (Violation of 18 U.S.C. § 1957(a))

14. Paragraphs 1-13 of this Indictment are re-alleged and incorporated by reference as though fully set forth herein.

15. On or about the dates specified below, each instance being a separate count of this Indictment, in the District of Arizona and elsewhere, Defendant HANCOCK knowingly engaged in monetary transactions by, through or to financial institutions, namely Compass Bank and other financial institutions under HANCOCK's control, affecting interstate commerce, in criminally derived property that was of a value greater than $10,000, such property having been derived from specified unlawful activity, namely Wire Fraud.

| Counts | Date Invoice Sent | Invoice Number | Payee | Amount | Payment Transaction Date | Card |
|---|---|---|---|---|---|---|
| 20 | 02/01/2018 | 29 | HS | $54,923.54 | 02/02/2018 | RJ x8663 |
| 21 | 02/01/2018 | 29 | DC | $15,000.00 | 02/02/2018 | RJ x8663 |
| 22 | 03/01/2018 | 48 | DC | $48,000.00 | 03/02/2018 | RJ x8663 |
| 23 | 04/01/2018 | 47 | HS | $63,000.00 | 04/03/2018 | RJ x8663 |
| 24 | 04/01/2018 | 47 | DC | $15,000.00 | 04/03/2018 | RJ x8663 |
| 25 | 04/13/2018 | 52 | HS | $85,500.00 | 04/13/2018 | RJ x8663 |
| 26 | 04/17/2018 | 53 | HS | $53,458.00 | 04/17/2018 | RJ x8663 |
| 27 | 04/18/2018 | 54 | HS | $24,850.00 | 04/18/2018 | RJ x8663 |
| 28 | 04/23/2018 | 59 | HS | $17,320.22 | 04/23/2018 | RJ x8663 |
| 29 | 04/24/2018 | 60 | HS | $69,122.00 | 04/24/2018 | RJ x8663 |
| 30 | 04/24/2018 | 61 | HS | $30,541.50 | 04/24/2018 | RJ x8663 |
| 31 | 05/01/2018 | 64 | HS | $199,195.00 | 05/01/2018 | RJ x8663 |
| 32 | 05/01/2018 | 61 | HS | $52,000.00 | 05/02/2018 | RJ x8663 |

| 33 | 05/01/2018 | 61 | DC | $30,000.00 | 05/02/2018 | RJ x8663 |
| 34 | 05/09/2018 | 67 | HS | $63,200.00 | 05/10/2018 | RJ x8663 |
| 35 | 05/16/2018 | 69 | HS | $52,100.00 | 05/16/2018 | RJ x8663 |
| 36 | 05/22/2018 | 70 | HS | $28,200.00 | 05/22/2018 | RJ x8663 |

In violation of 18 U.S.C. § 1957(a).

## FORFEITURE ALLEGATIONS

16. Pursuant to 18 U.S.C. §§ 981(a)(1)(A), (C) and 28 U.S.C. § 2461(c), and as a result of committing one or more of the offenses charged in Counts 1-36 of this Indictment, Defendant HANCOCK shall forfeit to the United States all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offenses, including a sum of money equal to at least $1,308,891.42 in United States currency, representing the amount of money involved in the offenses.

17. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    (1)    cannot be located upon the exercise of due diligence,

    (2)    has been transferred or sold to, or deposited with, a third party,

    (3)    has been placed beyond the jurisdiction of the court,

    (4)    has been substantially diminished in value, or

    (5)    has been commingled with other property which cannot be divided without difficulty,

it is the intent of the United States to seek forfeiture of any other property of said defendant up to the value of the above-described forfeitable property, pursuant to 21 U.S.C. § 853(p).

/ / /

/ / /

/ / /

All in accordance with Title 18, United States Code, Sections 981(a)(1)(B), (C) and 982(a); Title 21 United States Code, Section 853; Title 28, United States Code, Section 2461(c); and Rule 32.2, Federal Rules of Criminal Procedure.

A TRUE BILL

s/
FOREPERSON OF THE GRAND JURY
Date: September 26, 2018

ELIZABETH A. STRANGE
First Assistant United States Attorney
District of Arizona

s/
KEVIN M. RAPP
Assistant U.S. Attorney