**CAMERON A. MORGAN**
**Attorney at Law**
4356 N. Civic Center Plaza, Ste. 101
Scottsdale, AZ  85251
(480) 990-9507 ♦ Fax (480) 947-5977
*Arizona State Bar No. 006709*
e-mail:  camerona.morgan@hotmail.com
Attorney for Defendant Hancock

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| United States Of America,<br><br>          Plaintiff,<br><br>     v.<br><br>Thomas William Hancock, (001)<br><br>          Defendant. | No. **18-cr-1305 PHX GMS**<br><br>**DEFENDANT'S RESPONSE TO UNITED STATES' MOTION TO REVOKE RELEASE** |

Defendant, by and through his attorney undersigned, hereby responds to the Government's motion to revoke release and requests that the court deny said motion. This response is supported by the attached Memorandum.

**MEMORANDUM:**

Mr. Hancock has been indicted for embezzling from his employer.  He was arrested at the airport in Los Angeles, California when he got off a plane from New York.  He has been aware of the investigation and has not tried to abscond.  In fact, if the materials attached to the Government's motion are credible, he has discussed the matter with his employer, accepted responsibility for his actions and seeks to repay the company.  The emails attributed to the defendant establish that he is not attempting to avoid this expected prosecution in any way.

The current release conditions stayed by the court are a bond of $50,000 with $5000 cash deposit and a $45,000 surety without justification.  Gaynor Hancock, defendant's mother, is prepared to post the bond.  Mrs. Hancock is a small business owner from England who is in the U.S. to help her son with full knowledge of the facts and circumstances of the charges against him and the ramifications to her if he was to violate the release conditions of the court.  Other restrictions are that he submit to pretrial services, surrender his passport, reside with his girlfriend Diana Remball, maintain employment, not use alcohol or illegal drugs, submit to drug testing and a mental health evaluation, and participate in a location monitoring program.

At the time of his arrest, the defendant was a 27-year old IT professional who had just obtained a job on approximately August 20, 2018 in Los Angeles working for Quadrant Enterprises LLC, a telecom business.  He was living with his girlfriend Diana Remball in Los Angeles.  He also has an apartment in Scottsdale and has lived there when not in another city on the job for the last three years.  The other places he has been to for work in the last two years are Atlanta and Las Vegas.

Mr. Hancock moved to the United States from England in 2011.  He was married for a few years in Utah, obtained his green card but was eventually divorced.  From 2011 through 2017 he worked for Hosting Services Incorporated.  He owned a part of that company and sold it to the current owners.  In 2017 and 2018 he worked for London Trust Media, Inc., the alleged victim in this case.

According to one of the emails attached to the government's motion, from the age of 17 to 26 the defendant was able to earn over $3.5 million in the IT business and believes that he may be able to get back on track and repay his debts. See Exhibit 3 to the Government's motion. The affidavit of Agent Rivera attached to the Government's motion alleges W-2 reported earnings from 2015-2018 of approximately $1.6 million. However, Mr. Hancock is currently bankrupt due to his credit card debt and he hired attorney Cristina Perez of Bellah Perez PLLC to file a bankruptcy petition on his behalf before he was arrested. See Government's Exhibit 2. He has a bank account in the UK with approximately $1000 and a Wells Fargo account here with approximately $2000. His parents are currently helping with his expenses. His mother is currently staying at his apartment in Scottsdale.

Mr. Hancock denies that he had any plans on leaving the country for Egypt as is alleged at p. 6 of the Government's motion. He was aware that his company and the FBI were investigating him in connection with this case as is shown in Exhibit 1 to the Government's motion. Despite this knowledge he did not run and continued discussing the situation with his former employer. He notes that the Government claims that he was going to Sharm El Sheikh International Airport, which is at the southern tip of the Sinai desert, via Cairo. The claim is that this trip would originate from London Heathrow. However, according to the government and the defendant, the defendant was in Los Angeles applying for jobs in August, went to London for a

week and then New York for a few days. He then flew back to Los Angeles on September 4, 2018 for work with no intentions of leaving the country to avoid this case. See Government's motion at p. 6 and Exhibit 2 attached thereto. There is no report of him intending to fly from Los Angeles to London in September or October. Defendant submits that the government may have the wrong person in its "travel records" concerning Egypt. He has no intention of absconding and is not a flight risk.

The government also alleges that the defendant may represent a risk to the community because of his drug and alcohol use and allegedly suicidal behavior. However, the text messages that were submitted to the court by the government show little suicidal ideation and an acknowledgement of professional problems that led to alcohol abuse in Scottsdale. Exhibit 2 of the Government's motion shows that he was using alcohol to cope with his behavior but he also claims that with the help of his mother and friends he was doing much better. In Exhibit 3 of the Government's motion he talks about his job prospects, repayment, and getting away from bad influences. Undersigned counsel does not agree that these text messages establish that the defendant is either suicidal or a threat to the community. Like many of the defendants this court deals with daily, he simply needs to work and maintain sobriety while his case is pending and he has taken significant steps in this direction.

**LEGAL ARGUMENT:**

Federal law has traditionally provided that a person arrested for a non-capitol

offense shall be admitted to bail. *Stack v. Boyle*, 342 U.S. 1 (1951). Only in rare circumstances should release be denied. *Sellers v. U.S.*, 89 S. Ct. 36 (1968) (Black J. in chambers). Doubts regarding the propriety of release should be resolved in favor of the defendant. *Herzog v. U.S.*, 75 S. Ct. 349 (Douglas J. in chambers); *U.S. v. Motamedi,* 767 F.2d 1403 (9th Cir. 1985).

Under 18 U.S.C. 3142 the court must take into account available information concerning the nature and circumstances of the offense, the weight of the evidence against the defendant, his history and characteristics including character, physical and mental condition, family ties, employment, financial resources, his length of residence in the community, past conduct and criminal history and his alcohol and drug history.

Nature and Circumstances of the Offense

Defendant has not seen the indictment as of this the filing of this motion due to the delay in having him transferred to this jurisdiction. Like most persons charged with federal felonies, the defendant could face a prison term in this case. His base guideline calculation appears to be in the range of offense level 20, criminal history category 1. He may have mitigating factors and the information supplied by the government seems to indicate that the victim may not seek an aggravated sentence. In light of his acceptance of responsibility undersigned counsel submits that a potential sentence in this matter is not a significant factor in determining appropriate release conditions.

1. **Strength of the Evidence.**

It appears that the defendant has made significant admissions in this case, but the strength of the case is the least important of any of the factors that the court must consider in determining bail. *U.S. v. Motamedi*, *supra.*; *U.S. v. Honeyman*, 470 F.2d 473 (9th Cir. 1972).

2. **Defendant's History and Characteristics.**

Defendant has been in the United States for seven years and has a green card. The defendant's UK connections do not point to serious flight risk and the U.S. and UK have an extradition treaty that prevents the UK from being a safe haven. The defendant has turned in his passport and cannot leave the country for any other country at this time. Alienage is not an important factor in the conditions of release analysis. *Motamedi, supra*.

The defendant does not have substantial resources to live abroad away from the reach of the government and his employment prospects in his field are in the U.S. at this time. The Government's speculation that he may have money is just that; speculation without any evidentiary support. This is insufficient to deny him bail.

The government speculates that his past business travel is somehow indicative of an intent or ability to abscond. As the defendant has attempted to show, he has no such intent or ability.

**3.     Danger to Himself or Others.**

To be quite frank, the biggest threat to the health of the defendant is the jail he is in. The authorities keep giving him nuts as part of his diet and he is extremely allergic to them. He is not suicidal and, if he was, that characteristic would manifest in jail in light of these criminal proceedings and the inability to resolve this bail issue promptly as is required under 18 U.S.C. 3145(b).

While defendant would agree that he previously had a problem with alcohol, he is not drinking and has no intention of doing so. As the Government's evidence suggests, he is working on his recovery and submits that the no drinking provision in his current release conditions is sufficient to address this issue.

**4.     Conditions that will Reasonably Assure the Appearance of the Defendant and the Safety of the Community.**

Defendant submits that the conditions that the IA court in Los Angeles imposed, i.e. bond and a bracelet among other conditions, are sufficient to assure his appearance in this court. His living arrangements with his girlfriend and work in Los Angeles will assist in that goal. The no drinking provision and mental health evaluation will help determine that the defendant is not a threat to the safety off the community.

**CONCLUSION:**

The defendant is not a threat to abscond and the release conditions currently in place are sufficient to assure his appearance. He is not a threat to the safety of the community or to himself.

The nature of the offense, a financial crime that is non-dangerous and non-drug related, lead to the conclusion that the defendant is entitled to bail and the Government has not set forth sufficient reason to deny the defendant the right to release pending his case. Defendant respectfully requests that the Court confirm the release conditions as set by the District Court in Los Angeles.

DATED this 10th day of October, 2018.

/s/Cameron A. Morgan
Cameron A. Morgan
Attorney for Defendant

**Certificate of Service**
I hereby certify that on the 10th day of October, 2018, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF System for filing. Upon e-filing copies were electronically transmitted to all registered CM/ECF users on this case.

By /s/ Dawn-Marie Kenney