MICHAEL BAILEY
United States Attorney
District of Arizona
KEVIN M. RAPP
Arizona State Bar No. 014249
Email: kevin.rapp@usdoj.gov
Assistant U.S. Attorney
Two Renaissance Square
40 N. Central Ave., Suite 1800
Phoenix, Arizona  85004
Telephone:  602-514-7500
*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| United States of America, | CR-18-01305-PHX-GMS |
|---|---|
| Plaintiff, | |
| vs. | **UNITED STATES' SENTENCING MEMORANDUM** |
| Thomas William Hancock, | |
| Defendant. | |

## INTRODUCTION AND SUMMARY OF SENTENCE

The United States asks the Court to (1) accept the terms of Hancock's plea agreement; (2)  sentence Hancock to 37 months imprisonment; (3)  order restitution in the total amount of $1,269,426.67 ($1,260,891.42 to London Trust Media Inc. ("LTM") and $8,535.25 to Stripe Inc.); (4) order that the defendant shall pay a total of $1,269,926.67 in criminal monetary penalties, subject to immediate enforcement by the United States. Having assessed the Defendant's ability to pay, payments of total criminal monetary penalties are due as follows: Balance is due in equal monthly installments of $1000 over a period of 34 months to commence 60 days after the release from imprisonment to a term of supervised release.  This payment schedule is merely a schedule of minimum payments

and shall not preclude enforcement of the full amount of the judgment by any means authorized by law.

The above recommended sentence and terms fairly balances the serious nature of Hancock's offenses, his relative role in the offense, any positive attributes, and the public policy concerns listed in § 3553(a).

## II. The Sentencing Guidelines Range and PSR Recommendation

The PSR for Hancock (doc. 54) calculates a total offense level of 21 and a criminal history category of I, resulting in a Sentencing Guideline range of 37-46 months. In exchange for him promptly accepting the plea agreement and avoiding unnecessary hearings and trial preparation that would further tax the victims' (and the prosecution's) time and resources, the parties stipulated to a cap at the low end of the range.

### A. The Government's Sentencing Recommendation

In short, the government believes a sentence of 37 months is sufficient but not greater than necessary to comply with the factors set forth in 18 U.S.C. § 3553(a). The seriousness of Hancock' offenses that resulted in a nearly $1.3 million loss to LTM, the need for deterrence, and the need to avoid unwarranted sentencing disparities all weigh in favor of a sentence at the low end of the applicable guideline sentence.

### B. The § 3553(a) Factors

The recommended sentence balances any of Hancock's positive attributes with the seriousness of the offense and public policy concerns.

#### i. Hancock's History and Characteristics

As detailed in the PSR, for most of his adult life Hancock was law abiding until the age of 27 when he began to engage in the theft of funds from his employer. It is worth noting, however, that unlike many of the criminals who come before the Court who began life with almost nothing, Hancock has enjoyed numerous advantages during his life. *(See* PSR, ¶s 37-50; summarizing Hancock's upbringing, education and family support). Notwithstanding his advantages in life, Hancock embezzled a considerable amount of money while he had a secure, stable and lucrative employment (earning nearly a $1 million

in 2017) that was commensurate with his educational background. Hancock profoundly betrayed the trust of his employers by stealing from them on a daily basis for nearly a year, using a deliberate and sophisticated scheme.

### ii. The Nature and Circumstances of the Offense

As detailed in the PSR, the embezzlement underlying Hancock's offense was serious and caused a significant loss to LTM. Hancock's conduct was significant and should not be minimized. The scheme required considerable deliberation. Again, not only was he methodical in his fraudulent actions (*e.g.*, creating fraudulent invoices, setting up shell bank accounts, etc.) but he had to simultaneously pretend to be a diligent Chief Internet Officer so that he would not be suspected of theft.

### iii. Public Policy Concerns

Protection of the public and specific deterrence are concerns in this case as Hancock's fraud was protracted and complex. If the opportunity presents itself Hancock has the sophistication to commit another offense. General deterrence is also a consideration. The United States believes that, in light of the collateral consequences of a felony conviction (namely the real possibility that he will excluded from the United States), a prison sentence of 37 months will deter others from committing similar crimes, as well as promote respect for the law and provide just punishment.

Hancock will have a felony conviction on his record for the rest of his life. Once released this will prevent him from working in many industries (in the United States and perhaps elsewhere) and will prohibit him from obtaining many types of professional licenses in the future. At a minimum, he will have to disclose his conviction when applying for a professional license or applying for employment, just as he will have to disclose it when attempting to get a loan, or in countless other situations. This is a significant consequence for Hancock (in his early thirties when released) who will have limited professional opportunities as a convicted felon. Considering the totality of circumstances, a sentence of 37 months is appropriate.

## II. Conclusion

For the reasons set forth above, the government asks the Court to:

- Accept the terms of Hancock's plea agreement;
- Sentence Hancock to 37 months imprisonment, followed by three years of supervised release;
- Order restitution in the total amount of $1,269,426.67 ($1,260,891.42 to London Trust Media Inc. ("LTM") and $8,535.25 to Stripe Inc.)

Respectfully submitted this 29th day of January, 2020.

MICHAEL BAILEY
United States Attorney
District of Arizona

*s/ Kevin M. Rapp*
KEVIN M. RAPP
Assistant U.S. Attorney

**Certificate of Service**

I hereby certify that on January 29, 2020, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants: Cameron Morgan, Esq.

*s/ Angela Schuetta*
U.S. Attorney's Office