**CAMERON A. MORGAN**
**Attorney at Law**
4356 N. Civic Center Plaza, Ste. 101
Scottsdale, AZ  85251
(480) 990-9507 ♦ Fax (480) 947-5977
*Arizona State Bar No. 006709*
e-mail:  camerona.morgan@hotmail.com
Attorney for Defendant Hancock

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>    Plaintiff**,**<br><br>  v.<br><br>Thomas William Hancock, (001)<br><br>    Defendant**.** | No. **18-cr-1305 PHX GMS**<br><br>**DEFENDANT'S SENTENCING MEMORANDUM** |

Defendant, by and through his attorney undersigned, hereby submits his sentencing memorandum.  Based on the sentencing factors found 1 18 U.S.C. § 3553, undersigned counsel recommends a significantly deviation from the guideline recommendation of 37 months.  It is submitted that the defendant has no prior criminal history whatsoever, his behavior was aberrant and influenced by the alcohol and drugs and he was being controlled by persons who had a financial interest in having him spend large amounts of money on credit cards until his financial house of cards came tumbling down.

In the event that the court imposes a prison sentence defendant requests that he be allowed 60-days to self-surrender and requests a recommendation to the Taft

facility in Kern County, California due to the programs available there and because his girlfriend of two-years lives in that area.

Pursuant to 18 U.S.C. § 3553, the Court must consider 1) the nature and circumstances of the offense; 2) the history and characteristics of the defendant; 3) the need to afford adequate deterrence to criminal conduct 4) the need to protect the public from further crimes by the defendant and 5) the need to provide just punishment for the offense.

Attached hereto are the following Exhibits:

A. Letter from father Gary Hancock

B. Letter from mother Gaynor Hancock

C. Letter from girlfriend Diana Renball

D. 8/29/18 email from defendant to his employer at London Trust Media

E. Notice of Decision CV2019-050831; American Express v. Hancock

F. Arbitration award CV2019-050831

G. Order Granting Dismissal with Prejudice: CV2018-009641: Scottsdale Beach Club LLC et al. v. Hancock

**1. The Offense Conduct**

The defendant is a 28-year old citizen of the United Kingdom who is in the U.S. on a green card. He came to the U.S. in 2014. He was married in Utah in that year and divorced in 2016.

The defendant is highly skilled in hosting services on the internet and had his own company from 2009 through 2017. He sold his interest in that company for approximately $800,000. Thereafter he was hired by LondonTrustMedia Inc. in 2017, first as a chief internet officer and later promoted to executive chairman. It was in this position that he began to embezzle funds.

In 2017-2018 Mr. Hancock was under a large amount of stress as a young man running an international computer hosting service for his employer. During this period, he was working at locations in Atlanta, Scottsdale and Las Vegas. The stress of the position caused him to turn to alcohol in the clubs in the Scottsdale Entertainment District where he became well known to the club managers as a big spender with a high end American Express card. These managers encouraged this spending behavior to the tune of thousands of dollars a night by plying the defendant with cocaine to keep him at the clubs awake and intoxicated. The club managers were able to force overrides of Mr. Hancock's American Express imposed spending limitations to pay the bills. Mr. Hancock ran up hundreds of thousands in tabs at several Scottsdale clubs. As the American Express bills became due and Mr. Hancock's finances became depleted, he turned to embezzlement.

Mr. Hancock's employer knew of his drug and alcohol issues as well as his reported suicide attempt in Las Vegas. The company assigned people to make sure he came to work and kept him under surveillance. Mr. Hancock became somewhat

paranoid and depressed and had at least two reported suicide attempts as is set forth in the Presentence Report at paragraph 43.

The first suicide attempt occurred in Las Vegas on June 18, 2018 when Mr. Hancock had a brief psychotic episode and drank bleach and slit his wrist. He went to an emergency room and was kept for three days. His employer had him taken to Seven Hills Hospital where he was given psychiatric treatment and discharged. The medical records of this incident are submitted separately under seal.

The second incident occurred on June 30, 2018 in Scottsdale right after he admitted to his company that he had been embezzling money. When Mr. Hancock threatened suicide, a friend called the police for a wellness check and he was taken to Scottsdale Memorial Hospital. Tests showed the presence of alcohol and cocaine in his system. He was discharged after limited treatment. Again, the medical records of this incident are submitted under seal.

After Mr. Hancock admitted what he had done he sent emails expressing his remorse and seeking to make restitution. The owner reported the matter to the FBI, Mr. Hancock cooperated with the authorities and accepted responsibility for his conduct.

Following his admission to the offense the defendant went to England to see his family and obtain advice as to what he should do. He then returned to California, got a job and prepared to face the music in both the criminal and civil courts. He was

arrested and spent time in jail in California before he was transferred to Arizona and posted bail here.

The civil issues have been generally resolved. The American Express charges were reversed by American Express when the company determined that the night clubs had overrode American Express protocols in submitting charges on the card. American Express did file suit against Mr. Hancock for a small portion of the charges, but that suit was dismissed by the arbitrator in his Notice of Decision in Maricopa County Superior court case #CV2019-050831. That matter is currently on appeal in Superior Court set for a settlement conference. One of the clubs involved in the American Express charges also filed suit but subsequently agreed to dismiss with prejudice in 2019.  See Exhibits E, F and G attached hereto.

**A. Guidelines Determination**

The first consideration of the Court is to determine the Guideline range for the offense. The defendant does not disagree with the Guidelines calculations of the Probation Officer. He also agrees with the restitution calculation of $1,269,426.67

However, the Court may not presume that the Guideline range is reasonable and "must make an individualized assessment based on the facts presented." *Gall v. U.S., 552* U.S. 38 (2007). The sentencing court has wide latitude to impose a sentence below the Guideline range, "perhaps because (as the guidelines themselves foresee) the case at hand falls outside the heartland to which the Commission intends

5

individual Guidelines to apply, perhaps because the Guidelines sentence itself fails properly to reflect 3553(a) considerations, or perhaps because the case warrants a different sentence regardless." *Rita v. U.S.* 551 U.S. 338 (2007).

In the Booker era the 9th Circuit has approved steep downward departures and non-custodial sentences based on such characteristics present here like a strong employment history, lack of potential risk to the public and the appropriateness of restitution. *U.S. v. Ru*ff, 535 F.3d 999 (9th Cir. 2008). In *Ruff* the defendant stole approximately $650,000 in goods from his employer and sold them on E-Bay. The Court sentenced the defendant to one day in jail and one year in a treatment facility despite a guideline range of 30-37 months. In *U.S. v. Whitehead*, 532 F.3d 991 (9th Cir. 2008) the Court approved a sentence of supervised release and heavy community service for the illegal sale of $1 million in counterfeit access cards where the Guideline range was 41-51 months.

U.S.P.O. Johnson recommends that the court impose a sentence at the low end of the guideline sentence, 37 months. We recommend that the Court consider a far lesser sentence based on the complete lack of any criminal history, voluntary disclosure of the criminal behavior, aberrant behavior under, drug and alcohol impairment, the defendant's rehabilitation and behavior during the pendency of these proceedings, and any other 3553 factors.

**2. The history and characteristics of the Defendant**

### A. The court may impose a variance from the Guidelines for a first offense

In this case it appears that the defendant has no criminal history whatsoever. In *U.S. v. Paul,* 561 F.3d 970 (9th Cir. 2009) the court found that re-imposition of a sentence within the Guideline range following an appeal, without taking into account certain mitigating factors, one of which was the lack of any criminal history, was an abuse of discretion. The court remanded for resentencing in front of a different judge.

In *U.S. v. Huckins*, 529 F.3d 1312 (10th Cir. 2008) the Court explained that a sentencing judge could grant a variance under 3553 for the lack of a criminal history. "And, after Gall and Kimbrough, a factor's disfavor by the Guidelines no longer excludes it from consideration under § 3553(a). (cites omitted) Therefore, a district court may weigh a defendant's lack of a criminal record, even when the defendant has been placed into a criminal history category of I, in its § 3553(a) analysis." (cite omitted)

### B. The defendant's behavior was affected by drugs and alcohol

The evidence in this case is that the defendant went on a drug and alcohol binge that was one of the causes for his behavior in this case. The Guidelines, 5H1.4 provide that "Drug or alcohol dependence or abuse ordinarily is not a reason for a downward departure." However, in this case the defendant's abuse was significant and severely affected his mental faculties. The court should consider this issue in determining the nature and circumstances of the offense.

### C. His behavior over this period of time was aberrant in comparison to the rest of his cumulative behavior

Aberrant conduct may be considered under 3553(a) even if it does not qualify in USSG. The defendant was a successful young entrepreneur who was a part owner of his own company while he was still a teenager.  He had a middle class English upbringing and no drug or alcohol issues until he started working for LondonTrustMedia. His descent into alcohol, drugs and criminal conduct in this short period of time should be viewed as an aberration of his controlling values, education and personal history.

### 1. The Need to Protect the Public

It appears that in all likelihood that the defendant will be deported as the conclusion of any sentence imposed by the court. This is a substantial collateral consequence that the court should take into consideration. The defendant will also lose any prospect of returning to the U.S. In this regard it does not appear that the recommended prison sentence will protect the American public but will cost taxpayers a significant sum.

The court should also consider that since the defendant will be out of the country this will act as a substantial protection of U.S. citizens and this country. Defendant submits that there is little if any likelihood that he will reoffend, but he will not be doing it here under any foreseeable circumstances.

### 2. The need to address the Seriousness of the Offense

There is no question that this was a serious offense that has resulted in a serious economic loss to LondonTrustMedia Inc.  It is our understanding that the company was sold in November 2019 for approximately $127 million. However it is worth noting for the court that the defendant's contract with the company called for him to receive 2% of the outstanding shares upon vesting at the end of the first year of the contract. His criminal conduct within that one year period saved the company a large sum.

### 3.  The need to address Restitution.

The restitution in this matter is significant but the defendant wants to pay it and believes that he has ability to do so. He currently makes about $300,000 a year as a free lance consultant. If he maintains his credibility with his clients following this conviction, he believes that he may be able to make more and pay more toward restitution. He currently has a check to present to the court as restitution in the amount of $15,000.

**CONCLUSION**

Based on the foregoing, the defendant requests that the court consider a non prison sentence, but in the event that the court does impose a prison sentence, that the court impose a sentence less than the 37 month Guideline sentence recommended by the assigned Probation Officer.  Defendant submits that the Guideline sentence is more than is necessary to comply with the purposes set forth in 18 U.S.C. 3553.

DATED this 29th day of January, 2020.

/s/Cameron A. Morgan
Cameron A. Morgan
Attorney for Defendant

**Certificate of Service**
I hereby certify that on the 29th day of January, 2020, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF System for filing. Upon e-filing copies were electronically transmitted to all registered CM/ECF users on this case.

By /s/ Dawn-Marie Kenney