ELIZABETH A. STRANGE
First Assistant United States Attorney
District of Arizona

KEVIN M. RAPP
Assistant U.S. Attorney
Arizona State Bar No. 014249
Two Renaissance Square
40 N. Central Ave. Suite 1800
Phoenix, Arizona 85004
Telephone: 602-514-7500
Email: Kevin.Rapp@usdoj.gov

*Attorneys for Plaintiff*

FILED ___ LODGED
___ RECEIVED ___ COPY
APR 29 2019
CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY SMH DEPUTY

FILED ___ LODGED
___ RECEIVED ___ COPY
FEB 1 1 2020
CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY _____ DEPUTY

SCANNED

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>   Plaintiff,<br><br>v.<br><br>Thomas William Hancock,<br><br>   Defendant. | CR-18-01305-PHX-GMS (JZB)<br><br>**PLEA AGREEMENT** |

Plaintiff, United States of America, and defendant, Thomas William Hancock, hereby agree to dispose of this matter on the following terms and conditions:

1. **PLEA**

The defendant will plead guilty to the Indictment charging the defendant with counts 1, 2, 3: Wire Fraud in violation of Title 18 U.S.C. § 1343, a Class C felony offense; Counts 25 and 31: Transactional Money Laundering in violation of Title 18 U.S.C. § 1957(a), a Class C felony offense.

2. **Maximum Penalties**

a. Counts 1,2, and 3 (Wire Fraud): A violation of 18 U.S.C. § 1343 is punishable by a maximum fine of $250,000, a maximum term of imprisonment of 20 years, or both, and a term of supervised release of 3 years. The maximum term of probation is 5 years.

b. Counts 25 and 31(Transactional Money Laundering): A violation of 18 U.S.C. § 1957 is punishable by a maximum fine of $250,000, a maximum term of imprisonment of 10 years, or both, and a term of supervised release of 3 years. The maximum term of probation is 5 years.

c. According to the Sentencing Guidelines issued pursuant to the Sentencing reform Act of 1984, the Court shall order the defendant to:

(1) make restitution to any victim of the offense pursuant to 18 U.S.C. §§ 3663 and/or 3663A, unless the Court determines that the restitution would not be appropriate;

(2) pay a fine pursuant to 18 U.S.C. 3572, unless the court finds that a fine is not appropriate;

(3) serve a term of supervised release when required by statute or when a sentence of imprisonment of more than one year is imposed (with the understanding that the court may impose a term of supervised release in all other cases); and

(4) pay upon conviction a $100.00 special assessment for each count to which the defendant pleads guilty pursuant to 18 U.S.C. § 3013(a)(2)(A).

e. The court is required to consider the Sentencing guidelines in determining the defendant's sentence. However, the Sentencing Guidelines are advisory, and the Court is free to exercise its discretion to impose any reasonable sentence up to the maximum set by statute for the crime(s) of conviction, unless there are stipulations to the contrary that the Court accepts.

3. **AGREEMENTS REGARDING SENTENCING**

a. **Stipulation**. Pursuant Fed. R. Crim P. 11(c)(1)(C), the parties have reached

the following agreements:

(1) This plea must be entered on or before May **1, 2019**.

(2) Defendant's sentence will not exceed the low end of the applicable guideline after all upward and downward departures are considered.

(3) All counts will run concurrent.

(4) The parties agree that the only relevant conduct for guideline purposes will be conduct related to Defendant's theft from his employer, London Trust Media.

b. **Restitution.** Pursuant to 18 U.S.C. § 3663 and/or 3663A, the defendant specifically agrees to pay full restitution, regardless of the resulting loss amount but in no event more than $1.4 million to all victims directly or proximately harmed by the defendant's "relevant conduct," including conduct pertaining to any dismissed counts or uncharged conduct, as defined by U.S.S.G. § 1B1.3, regardless of whether such conduct constitutes an "offense" under 18 U.S.C. §§ 2259, 3663 or 3663A. The defendant understands that such restitution will be included in the Court's Order of Judgment and that an unanticipated restitution amount will not serve as grounds to withdraw the defendant's guilty plea or to withdraw from this plea agreement. Defendant specifically agrees to pay restitution to the Internal Revenue Service in the total amount of $1,332,402, pursuant to 18 U.S.C. § 3663(a)(3). Defendant understands and agrees that this figure does not include interest under 26 U.S.C. § 6601, which will be assessed by the IRS pursuant to Title 26.

c. **Assets.** The defendant shall make a full accounting of all assets in which the defendant has any legal or equitable interest. The United States may confirm the accuracy of any information which defendant provides under the terms of this agreement by use of any investigative means which the United States deems appropriate and necessary, including submitting to a polygraph examination. The defendant shall not (and shall not aid or abet any other party to) sell, hide, waste, spend, or transfer any such assets or property before sentencing, without the prior approval of the United States (provided, however, that no prior approval will be required for routine, day-to-day expenditures).

d. **Acceptance of Responsibility.** If the defendant makes full and complete disclosure to the U.S. Probation Office of the circumstances surrounding the defendant's commission of the offense, and if the defendant demonstrates an acceptance of responsibility for this offense up to and including the time of sentencing, the United States will recommend a two-level reduction in the applicable Sentencing Guidelines offense level pursuant to U.S.S.G.§ 3E1.1(a). If the defendant has an offense level of 16 or more, the United States will recommend an additional one-level reduction in the applicable Sentencing Guidelines offense level pursuant to U.S.S.G. § 3E1.1(b) if the plea is signed on or before 5:00 p.m. on **May 1, 2019**.

4. **AGREEMENT TO DISMISS OR NOT TO PROSECUTE**

    a. The remaining counts will be dismissed at the time of sentencing.

    b. This agreement does not, in any manner, restrict the actions of the United States in any other district or bind any other United States Attorney's Office. The United States is not aware of any other federal criminal investigations involving the defendant.

5. **COURT APPROVAL REQUIRED; REINSTITUTION OF PROSECUTION**

    a. If the Court, after reviewing this plea agreement, concludes that any provision contained herein is inappropriate, it may reject the plea agreement and give the defendant the opportunity to withdraw the guilty plea in accordance with Fed. R. Crim. P. 11(c)(5). The defendant understands if the Court rejects the plea or the plea of a co-defendant, the United States may withdraw from the defendant's plea or co-defendant's plea.

    b. If the defendant's guilty plea or plea agreement is rejected, withdrawn, vacated, or reversed at any time, this agreement shall be null and void, the United States shall be free to prosecute the defendant for all crimes of which it then has knowledge, and any charges that have been dismissed because of this plea agreement shall automatically be reinstated. In such event, the defendant waives any and all objections, motions, and defenses based upon the Statute of Limitations, the Speedy Trial Act, or constitutional

- 4 -

restrictions in bringing later charges or proceedings. The defendant understands that any statements made at the time of the defendant's change of plea or sentencing may be used against the defendant in any subsequent hearing, trial, or proceeding subject to the limitations of Fed. R. Evid. 410.

6. **WAIVER OF DEFENSES AND APPEAL RIGHTS**

The defendant waives (1) any and all motions, defenses, probable cause determinations, and objections that the defendant could assert to the indictment or information; and (2) any right to file an appeal, any collateral attack, and any other writ or motion that challenges the conviction, an order of restitution or forfeiture, the entry of judgment against the defendant, or any aspect of the defendant's sentence, including the manner in which the sentence is determined, including but not limited to any appeals under 18 U.S.C. § 3742 (sentencing appeals) and motions under 28 U.S.C. §§ 2241 and 2255 (habeas petitions), and any right to file a motion for modification of sentence, including under Title 18, U.S.C., § 3582(c). This waiver shall result in the dismissal of any appeal, collateral attack, or other motion the defendant might file challenging the conviction, order of restitution or forfeiture, or sentence in this case. This waiver shall not be construed to bar an otherwise-preserved claim of ineffective assistance of counsel or of "prosecutorial misconduct" (as that term is defined by Section II.B of Ariz. Ethics Op. 15-01 (2015)). This waiver shall not bar a claim pursuant to 18 U.S.C. §3582(c)(1)(A)(i).

7. **DISCLOSURE OF INFORMATION**

a. The United States retains the unrestricted right to provide information and make any and all statements it deems appropriate to the U.S. Probation Office and to the Court in connection with the case.

b. Any information, statements, documents, and evidence that the defendant provides to the United States pursuant to this agreement may be used against the defendant at any time, subject to the limitations of Fed. R. Evid. 410.

c.  The defendant shall cooperate fully with the U.S. Probation Office. Such cooperation shall include providing complete and truthful responses to questions posed by the U.S. Probation Office including, but not limited to, questions relating to:

   (1)  criminal convictions, history of drug abuse, and mental illness; and

   (2)  financial information, including present financial assets or liabilities that relate to the ability of the defendant to pay a fine or restitution.

**8.  FORFEITURE, CIVIL, AND ADMINISTRATIVE PROCEEDINGS**

Nothing in this agreement shall be construed to protect the defendant from administrative or civil forfeiture proceedings or prohibit the United States from proceeding with and/or initiating an action for civil forfeiture. Pursuant to 18 U.S.C. § 3613, all monetary penalties, including restitution imposed by the Court, shall be due immediately upon judgment and subject to immediate enforcement by the United States. If the Court imposes a schedule of payments, the schedule of payments shall be merely a schedule of minimum payments and shall not be a limitation on the methods available to the United States to enforce the judgment.

**9. ELEMENTS**

I, Thomas William Hancock, agree that if this matter were to proceed to trial, the United States could prove I committed the crimes of Wire Fraud and Transactional Money Laundering. I understand that the elements of both of these offenses are as follows:

**Wire Fraud (18 U.S.C. § 1343)**

1. During the time frame set forth in the Indictment, in the District of Arizona and elsewhere, the defendant devised a scheme or plan for obtaining money or property by making false promises or statements;
2. The defendant knew that the promises and statements were false;
3. The promises or statements were material, as they would reasonably influence a person to part with money or property;

- 6 -

4. The defendant acted with the intent to defraud; and
5. The defendant used, or caused to be used, wire, radio or television communications in interstate or foreign commerce to carry out an essential part of the scheme.

**Transactional Money Laundering (18 U.S.C. § 1957(a)**

1. During the time frame set forth in the Indictment, in the District of Arizona and elsewhere, the defendant knowingly engaged or attempted to engage in a monetary transaction;
2. The monetary transaction was of a value greater than $10,000;
3. The monetary transaction involved criminally derived property;
4. Criminally derived property was derived from a specified unlawful activity namely, Wire Fraud;
5. The defendant knew that the monetary transaction involved criminally derived property;
6. The monetary transaction took place within the United States.

**10.   FACTUAL BASIS**

The defendant admits that the following facts are true and that if this matter were to proceed to trial the United States could prove the following facts beyond a reasonable doubt:

I, Thomas William Hancock, committed wire fraud and transactional money laundering by doing the following:

### Wire Fraud
### (Counts 1,2,3)

In November 2017, I, Thomas William Hancock, was hired by London Trust Media ("LTM") as the Chief Internet Officer. In December 2017, I was promoted to Executive Chairman where my responsibilities within the company were increased. During my

employment with LTM, I prepared fraudulent invoices in Freshbooks software for the vendors Digital Chaos and Hosting Services. I embezzled money by doing the following:

*First*, I created an account with Freshbooks under the email address TomHANCOCK91@gmail.com. The fraudulent invoices submitted to LTM included payment processing information on the invoices. *Second*, I would then have the Freshbooks software email the invoice directly to LTM's accounts payable department or to my LTM email address. *Third*, these emails would then be forwarded by me to LTM's accounts payable department. *Fourth*, after the accounts payable department received the invoice for Digital Chaos and Hosting Services, I would communicate my approval to pay the invoice. I knew that LTM pays some of the vendor invoices on a company credit card. I embezzled approximately $1.3 million in the manner described above. Some of the paid invoices were transferred by credit card processing as follows:

| Count | Date sent by Wire | Invoice Number | Payee | Amount |
|---|---|---|---|---|
| 1 | 02/01/2018 | 29 | HS | $54,923.54 |
| 2 | 02/01/2018 | 29 | DC | $15,000 |
| 3 | 03/01/2018 | 48 | DC | $48,000 |

## Transactional Money Laundering

Counts 25 and 31

From the monies I fraudulently embezzled, I committed the following subsequent financial transactions involving in whole or in part the stolen money:

| Counts | Date Invoice Sent | Invoice Number | Payee | Amount | Payment Transaction Date | Card |
|---|---|---|---|---|---|---|
| 25 | 04/13/2018 | 52 | HS | $85,500.00 | 04/13/2018 | RJ x8663 |

- 8 -

| 31 | 05/01/2018 | 64 | HS | $199,195.00 | 05/01/2018 | RJ x8663 |

## APPROVAL AND ACCEPTANCE OF THE DEFENDANT

I have read the entire plea agreement with the assistance of my attorney. I understand each of its provisions and I voluntarily agree to it.

I have discussed the case and my constitutional and other rights with my attorney. I understand that by entering my plea of guilty I shall waive my rights to plead not guilty, to trial by jury, to confront, cross-examine, and compel the attendance of witnesses, to present evidence in my defense, to remain silent and refuse to be a witness against myself by asserting my privilege against self-incrimination, all with the assistance of counsel, and to be presumed innocent until proven guilty beyond a reasonable doubt.

I agree to enter my guilty plea as indicated above on the terms and conditions set forth in this agreement.

I have been advised by my attorney of the nature of the charges to which I am entering my guilty plea. I have further been advised by my attorney of the nature and range of the possible sentence and that my ultimate sentence shall be determined by the Court after consideration of the advisory Sentencing Guidelines.

My guilty plea is not the result of force, threats, assurances, or promises, other than the promises contained in this agreement. I voluntarily agree to the provisions of this agreement and I agree to be bound according to its provisions.

I understand that if I am granted probation or placed on supervised release by the Court, the terms and conditions of such probation/supervised release are subject to modification at any time. I further understand that if I violate any of the conditions of my probation/supervised release, my probation/supervised release may be revoked and upon such revocation, notwithstanding any other provision of this agreement, I may be required to serve a term of imprisonment or my sentence otherwise may be altered.

This written plea agreement, and any written addenda filed as attachments to this plea agreement, contain all the terms and conditions of the plea. Any additional agreements, if any such agreements exist, shall be recorded in a separate document and may be filed with the Court under seal; accordingly, additional agreements, if any, may not be in the public record.

I further agree that promises, including any predictions as to the Sentencing Guideline range or to any Sentencing Guideline factors that will apply, made by anyone (including my attorney) that are not contained within this written plea agreement, are null and void and have no force and effect.

I am satisfied that my defense attorney has represented me in a competent manner.

I fully understand the terms and conditions of this plea agreement. I am not now using or under the influence of any drug, medication, liquor, or other intoxicant or depressant that would impair my ability to fully understand the terms and conditions of this plea agreement.

4/8/19
Date

Thomas William Hancock
Defendant

### APPROVAL OF DEFENSE COUNSEL

I have discussed this case and the plea agreement with my client in detail and have advised the defendant of all matters within the scope of Fed. R. Crim. P. 11, the constitutional and other rights of an accused, the factual basis for and the nature of the offense to which the guilty plea will be entered, possible defenses, and the consequences of the guilty plea including the maximum statutory sentence possible. I have further discussed the concept of the advisory Sentencing Guidelines with the defendant. No assurances, promises, or representations have been given to me or to the defendant by the United States or any of its representatives that are not contained in this written agreement.

I concur in the entry of the plea as indicated above and that the terms and conditions set forth in this agreement are in the best interests of my client. I agree to make a bona fide effort to ensure that the guilty plea is entered in accordance with all the requirements of Fed. R. Crim. P. 11.

4/8/19
Date

Cameron A. Morgan, Esq.
Attorney for Defendant

### APPROVAL OF THE UNITED STATES

I have reviewed this matter and the plea agreement. I agree on behalf of the United States that the terms and conditions set forth herein are appropriate and are in the best interests of justice.

ELIZABETH A. STRANGE
First Assistant United States Attorney
District of Arizona

4/29/19
Date

KEVIN M. RAPP
Assistant U.S. Attorney

### ACCEPTANCE BY THE COURT

2/11/20
Date

G. MURRAY SNOW
United States District Judge